UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO BIODIESEL, INC.,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**


                                                    **17CV154V**

            v.
                                                    **Report
                                                    &
                                                    Recommendation**

ERIC T. SCHNEIDERMAN in his official
capacity as the Attorney General for the State
of New York,

                              Defendant.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 5).  The instant matters before the Court are (a) a motion of defendant (Docket

No. 4) to dismiss the Complaint for failure to state a claim, (b) plaintiff's cross-motion (Docket

No. 9) to change venue, and (c) its motion for leave to amend the Complaint (Docket No. 10).

Plaintiff's motions are in response to defendant's motion and, in effect, concede defendant's

argument that the official capacity claims alleged should be dismissed (Docket No. 9, Pl. Memo.

at second unnumbered page; Docket No. 11, Pl. Atty. Affirm. ¶¶ 6, 7; Docket No. 13, Pl. Memo.

at second unnumbered page; see also Docket No. 10, Pl. Motion for Leave to Amend

(amendment to change suit as official capacity to individual capacity)).  Instead of dismissal,

plaintiff argues either for transfer of the official capacity claims to the New York State Court of

Claims (Docket No. 9) or for leave to amend the Complaint to drop the official capacity status and amend to sue defendant in his individual capacity only (Docket No. 10).

Responses to defendant's motion were due August 7, 2017 (Docket No. 8; cf. Docket Nos. 6, 7 (plaintiff's motion for extension of time)), and plaintiff's motions (as well as his memorandum of law, Docket No. 11) were filed in response. Upon filing of plaintiff's motions, plaintiff was required to submit further briefing on the authority to transfer this action to state court from this Court (which was due August 11, 2017, Docket No. 12). Responses to those motions then were due by August 17, 2017, and replies to all motions (cf. Docket No. 8) now due by August 24, 2017 (Docket No. 12). Defendant responded (Docket No. 14) but plaintiff did not file a reply.

Given the interrelation of these three motions and although at least the motion for leave to amend could be addressed here by an Order (and arguably the motion for transfer could be decided in an Order), this Court considers all three motions in this Report & Recommendation.

## BACKGROUND

Plaintiff alleges here that defendant, the New York State Attorney General (in his official capacity), defamed plaintiff (Docket No. 2, Am. Compl. ¶ 1; see also Docket No. 1, Compl.). Plaintiff asserted diversity jurisdiction, 28 U.S.C. § 1332 (Docket No. 2, Am. Compl. ¶ 2), as well as federal question jurisdiction for the due process aspects of its claim (id. ¶ 3). Plaintiff claims that the defendant Attorney General made three false and defamatory claims about plaintiff on the Attorney General's website and two social media outlets with these social media posting repeated in the Buffalo News (id. ¶ 5-8, 12, 19-29, Exs. A-C). These statements arose from press and media releases via social media sites about an Assurance of Discontinuance of

plaintiff's actions against its customers entered into by plaintiff and defendant (id. ¶¶ 20-29; see Docket No. 4, Def. Atty. Decl., Ex. A, Assurance of Discontinuance).

Plaintiff asserts claims for defamation per se (Docket No. 2, Am. Compl. ¶¶ 34-41) and violation of its due process rights (id. ¶ 43-53). In its second cause of action, plaintiff claims that the defamatory statements injured its reputation in the oil collection industry and in the local community (id. ¶ 43). Plaintiff contends that the New York State Office of Court Administration retained defendant's office to investigate civil complaints filed by plaintiff, causing some to be prematurely dismissed in violation of New York Civil Practice Law and Rules (id. ¶ 45). Plaintiff claims that the defamatory statements incited its other suppliers to file complaints against plaintiff, causing a subpoena to be issued by the Attorney General's office (id. ¶ 46). Plaintiff next claims that judges' opinions of plaintiff were changed because of the defamation and the defamatory publications were used as findings of fact in judicial proceedings (id. ¶ 48). Plaintiff's competitors also used the defamatory statements to convince plaintiff's suppliers to abandon plaintiff (id. ¶¶ 49, 51), resulting in plaintiff having to commence more lawsuits against departing suppliers for their breach of contract (id. ¶¶ 52-53). Plaintiff contends that its ability to hire and recruit employees has been hampered "based on the implications of the Defamatory Publications" (id. ¶ 50).

Plaintiff seeks compensatory damages; punitive damages; special damages for injury to plaintiff's trade, business or profession; funding of a trust to assist minority-owned businesses that "are being maliciously prosecuted by the Attorney General's Office" (id. at fourteenth-fifteenth unnumbered pages, the WHEREFORE clauses). It also injunctive relief of removal of the offending articles, publication of follow up article exonerating plaintiff and apologizing to all

of plaintiff's suppliers and prospective suppliers, changes in defendant's operating procedures; and recovery of its costs and legal fees (id.).

*Defendant's Motion to Dismiss (No. 4)*

In lieu of answering, defendant filed his motion to dismiss (Docket No. 4), arguing that the Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a cause of action under Rule 12(b)(6) (id.). As for subject matter jurisdiction, defendant argues that there is no diversity of citizenship for the defamation claim, since both plaintiff and defendant are New York residents (id., Def. Memo. at 2, 3-4). Defendant also contends that this Court lacks subject matter jurisdiction because plaintiff sued defendant in his official capacity and such an action is barred by the Eleventh Amendment and sovereign immunity (id. at 2, 4-5). Defendant also asserts absolute privilege as the Attorney General acting as the head of the New York State Law Department (id. at 5-6) and qualified privilege absent any proof by plaintiff of malice (id. at 6-7). Defendant next claims that his statements were true (or are matters of belief) and plaintiff's defamation claim fails to state a cause of action (id. at 7-9).

Defendant notes that plaintiff's claims are also time barred (id. at 9-10), with claim for defamation having a one-year limitations period, N.Y. CPLR 215(3). The alleged defamatory statements were made on February 15, 2016, but plaintiff commenced this action on February 18, 2017 (id. at 9; see Docket No. 2, Am. Compl.).

Defendant next argues that plaintiff failed to plead a due process violation to sustain a federal question action (Docket No. 4, Def. Memo. at 10-13). Finally, defendant contends that plaintiff's claims are barred by waiver or release. Pursuant to the terms of the Assurance of

4

Discontinuance executed by plaintiff, plaintiff agreed not to take any further action denying the propriety of that Assurance. (Id. at 13, 1 & n.1; see id., Def. Atty. Decl. ¶ 2, Ex. A.) In this action, plaintiff sued defendant for his statements announcing the Assurance of Discontinuance (Docket No. 4, Def. Memo. at 13).

In addition to the cross-motions discussed below, plaintiff filed a responding affirmation of counsel to defendant's motion to dismiss (Docket No. 11). In it, plaintiff argues that the motion to transfer and the motion for leave to amend the Complaint address defendant's lack of subject matter jurisdiction contentions (id., Pl. Atty. Affirm. ¶¶ 5, 6). Among other assertions (see id. ¶¶ 7, 9-10, 14-16, 17), plaintiff argues that defendant is not entitled to absolute or qualified privilege because defendant violated plaintiff's due process rights (id. ¶ 8). As for its due process claims, plaintiff argues that it asserted them (id. ¶¶ 11-13), namely defendant's defamatory statement interfered with plaintiff's business (id. ¶ 11), presumably a property interest for due process purposes.

Effectively in reply, defendant criticizes plaintiff's opposition papers as being bereft of content (Docket No. 14, Def. Memo. at 5). First, he notes that plaintiff did not file a supporting memorandum of law as required by local rules, see W.D.N.Y. Loc. Civ. R. 7(a)(2)(A); Schafer v. Coyne, No. 12CV40, 2017 U.S. Dist. LEXIS 36252, at *6 n.5 (W.D.N.Y. Mar. 14, 2017) (McCarthy, Mag. J.) (opposing affidavit of counsel without citation to any legal authorities does not suffice as memorandum of law to respond to a dispositive motion as required by Local Civil Rule 7), which is potential grounds for rejecting its opposition without reaching the substance (id.).

Defendant argues that plaintiff's claim is essentially for defamation; but under New York law, the Attorney General acting in his official capacity is absolutely privileged to publish "false and defamatory matter" (id. at 5-6, quoting Gautsche v. State, 67 A.D.2d 167, 169, 415 N.Y.S.2d 280, 281-82 (3d Dep't 1979)). As for plaintiff's due process claim, defendant argues that there is no constitutional prohibition against defamation (id. at 6), Siegert v. Gilley, 500 U.S. 226, 234 (1991), because reputation is not a liberty or a property interest protected under the Due Process Clause (id.), Paul v. Davis, 424 U.S. 693, 712 (1976). If plaintiff's claim is viewed as a stigma-plus due process claim (which defendant argues plaintiff has not alleged since plaintiff was not employed by the State of New York, Docket No. 4, Def. Memo. at 11), defendant concludes that plaintiff had adequate post-deprivation remedy in commencing an Article 78 proceeding in state court (Docket No. 14, Def. Memo. at 6; Docket No. 4, Def. Memo. at 12), see Henry v. City of N.Y., 638 F. App'x 113, 115 (2d Cir. Feb. 22, 2016) (summary Order); Soloviev v. Goldstein, 104 F. Supp.3d 232, 254 (E.D.N.Y. 2015).

*Plaintiff's Motion to Transfer (No. 9)*

In response to defendant's motion, plaintiff first filed its motion to change venue of the official capacity claims against defendant from this Court to the New York Court of Claims (Docket No. 9, Pl. Atty. Affirm. ¶ 3). Plaintiff argues that the New York Court of Claims would have jurisdiction over its official capacity claim against defendant (id. ¶ 4; id., Pl. Memo. at second unnumbered page, referencing N.Y. Ct. Cl. Act § 9). Plaintiff concedes that it could have brought this action in the New York Court of Claims (id., Pl. Memo. at second unnumbered page). Plaintiff invokes 28 U.S.C. § 1404(a), the transfer provision, as the basis for this Court to send this case to the New York Court of Claims (id. at first unnumbered page). Plaintiff argues

that the interest of justice warrants granting this relief and that defendant would not be prejudiced by the transfer (id., Pl. Atty. Affirm. ¶¶ 6-7).

In scheduling briefing for this motion, this Court sought authority from plaintiff for allowing such a transfer (Docket No. 12). Plaintiff replied (Docket No. 13, Pl. Memo. in further Support of Motion to Transfer) that this Court has the authority "to remove from federal court to state court an action where jurisdiction is lacking," (id. at first unnumbered page, citing Majek Fire Protection, Inc. v. Carusone Constr, Inc., No. 03-3692, 2006 WL 1704562 (E.D. Pa. June 13, 2006). Plaintiff contends that this Court also is authorized "under appropriate circumstances to transfer a case to a proper forum" (id., citing Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982)).

Defendant responds that § 1404 does not authorize the transfer of a federal case such as this one to a state court (Docket No. 14, Def. Memo. at 2-3). "Since Pope [v. Atlantic Coast Line Railway Co., 345 U.S. 379 (1953)], 'it has been well-settled that "the federal statute concerning transfer of venue, 28 U.S.C. § 1404, only permits transfers between certain federal courts, and does not allow for transfers between federal and state courts."'" (id. at 3, quoting Estate of Leventhal v. Wells Fargo Bank, N.A., No. 14 Civ. 8751, 2015 U.S. Dist. LEXIS 129402, at *12 (S.D.N.Y. Sept. 25, 2015) (citation to internal quotations omitted)). Remand also is not applicable here, since remand only occurs when a case is first removed from state court to this Court (see id.), Eastern Sav. Bank v. Estate of Kirk, 821 F. Supp.2d 543, 546 (E.D.N.Y. 2011). Defendant adds that the New York Court of Claims could not hear a case against him since the only proper defendant in that court is the State of New York itself (id.), see N.Y. Ct. Cl.

Act §§ 8, 9 (court hears claims against State of New York); <u>Smith v. State</u>, 72 A.D.2d 937, 938, 422 N.Y.S.2d 221, 222 (4th Dep't 1979).

*Plaintiff's Motion for Leave to Amend the Complaint (No. 10)*

Plaintiff also moved for leave to amend again its Complaint, to delete reference to suing defendant in his official capacity and substituting that in order to sue defendant individually (Docket No. 10).  As argued in opposition to defendant's motion, plaintiff concedes that this Court lacks jurisdiction over its official capacity claims but plaintiff intends to amend the Complaint to proceed against defendant personally and defendant "is amenable to suit in the federal court for acts committed in his 'personal capacity,'" (Docket No. 11, Pl. Atty. Affirm. ¶ 6).

Defendant responds that plaintiff's amendment would be futile and this Court should deny leave (Docket No. 14, Def. Memo. at 4-5).  While the amendment would eliminate plaintiff's Eleventh Amendment problem, defendant contends that the amendment does not address "the myriad other problems with Plaintiff's Amended Complaint" (<u>id.</u> at 4, listing objections), such as the lack of a federal defamation claim (absent stigma-plus[1]) (<u>id.</u>).  Defendant concludes that plaintiff's amendment would be futile for the same reasons why defendant's motion to dismiss should be granted (<u>id.</u> at 4-5).

---

[1]<u>See, e.g.</u>, <u>Segal v. City of N.Y.</u>, 459 F.3d 207, 212 (2d Cir. 2006); <u>Geiger v. Town of Greece</u>, 311 F. App'x 413, 416-17 (2d Cir. 2009) (summary Order).

**DISCUSSION**

I.      Applicable Standards

        A.      Motion to Dismiss

        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a

Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a

Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46);

Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4

(D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint

"must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S.

at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court

in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to 'state a claim to relief that is plausible on its face.'
> [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . .
> The plausibility standard is not akin to a 'probability requirement,' but it asks for
> more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where
> a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
> 'stops short of the line between possibility and plausibility of "entitlement to
> relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B.     Transfer

Section 1404 of the Judiciary Code, 28 U.S.C. § 1404, provides, in relevant part, "for the convenience of parties and witnesses, the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," 28 U.S.C. § 1404(a). Defendant here has not consented to transfer of this action.

This Court has broad discretion in granting or denying a transfer, In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (motions for transfer lie in the broad discretion of the district court and are determined upon notions of convenience and fairness); Phelps v. McCellan, 30 F.3d 658, 663 (6th Cir. 1994) (Docket No. 9, Pl. Memo. at first unnumbered page). One of the requisites for a transfer is that the action could have been brought in the transferee district court, Kepler v. ITT Sheraton Corp., 860 F. Supp. 393, 398 (E.D. Mich. 1994) (id., at second unnumbered page).

10

C.       Transfer and Dispositive Magistrate Judge Jurisdiction

An initial procedural issue is whether plaintiff's motion to transfer can be decided by this Court by an Order or whether it is in fact dispositive and requires submission to Judge Vilardo on a Report & Recommendation.  Title 28 U.S.C. § 636(b)(1) spells out about a half dozen instances where the Magistrate Judge can recommend how a pretrial motion is to be decided and such is discussed in a Report and Recommendation.  As recently noted by this Court in Romano v. Levitt, et al., No. 15CV518, 2017 WL 193508, at *4-5 (W.D.N.Y. Jan. 18, 2017) (Scott, Mag. J.), § 636(b)(1) lists six motions, collectively termed dispositive motions, see Fed. R. Civ. P. 72(b), the decisions of which either disposes of a case (such as motion for summary judgment, motion for judgment on pleadings, or motion to dismiss for failure to state a claim) or to alter significantly the parties (such as dismissing or permitting maintenance of a class action), 28 U.S.C. § 636(b)(1)(A).  Underlying § 636(b)(1)(A) is the constitutional limitation on the authority of a non-Article III judge exercising judicial power (absent consent of the parties, cf. 28 U.S.C. § 636(c)), see Gomez v. United States, 490 U.S. 858, 863-64 (1989).  Review of a Report and Recommendation differs from that of a Magistrate Judge's Order; an Order would be reviewed under the clearly erroneous or contrary to law standard of § 636(b)(1)(A) by Judge Vilardo, while review of a Report and Recommendation would be reviewed under de novo standard of Fed. R. Civ. P. 72.

Courts have been divided about pretrial motions not being among those listed under § 636 as to whether those motions are dispositive or not.  That determination has depended in many instances upon how close a particular motion is similar to one of the listed dispositive motions or having a dispositive effect on a claim or party before the Court, see, e.g., Skolnick v.

11

Wainer, No. CV 2013-4394, 2013 U.S. Dist. LEXIS 135139, at *2 n.1 (E.D.N.Y. Sept. 20, 2013) (Go, Mag. J.) (citing cases in Magistrate Judge's Order); Southwestern Invs. Grp. LLC v. Lismore Holdings, LP, No. 15CV1028, 2016 U.S. Dist. LEXIS 87642, at *22 (W.D.N.Y. June 30, 2016) (Scott, Mag. J.) (Report & Rec.); Reid v. Nuttall, No. 08CV870, 2010 U.S. Dist. LEXIS 50102, at *30-31 (W.D.N.Y. Mar. 11, 2010) (Schroeder, Mag. J.) (in "Report, Recommendation and Order," Magistrate Judge Schroeder recommends severing and transferring Auburn claims to Northern District of New York). Whether a pretrial motion is "'functionally equivalent' to an order of dismissal," Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008), also determines if it is dispositive.

In Reid, Magistrate Judge Schroeder issued a "Report, Recommendation and Order" regarding the severance and transfer of certain claims. He did not discuss the Magistrate Judge's authority on the motions to sever or transfer. Defendants there had also moved to dismiss the Complaint, 2010 U.S. Dist. LEXIS 50102, at *1, but none of the defendants raised the severance or transfer issue, id. at *3. Magistrate Judge Schroeder recommended that the Court sua sponte exercise its discretion to sever and transfer the Auburn-based claims to the Northern District of New York, id.

As for motions to change venue, courts (including this Court) have been inconsistent whether to treat those motions as being dispositive or not. By itself, the usual motion to transfer venue can be seen as being non-dispositive (and could be decided by a Magistrate Judge by an Order), since the underlying claims and defenses remain for adjudication, just in a different venue. If there is no second motion that is dispositive or functionally equivalent to a dispositive motion, see Southwestern Invs. Grp., supra, 2016 U.S. Dist. LEXIS 87642, at *22-23 (rendered

12

in Report & Recommendation since parties also moved to compel arbitration or to dismiss action in favor of arbitration in another district, deemed to be the functional equivalent to a dispositive motion); Reid, supra, 2010 U.S. Dist. LEXIS 50102, at *1 (pending motion to dismiss), the motion to change venue is non-dispositive.

This case is different in that it seeks to transfer the case out of the federal judiciary and into the state judiciary. If granted, in one sense the case would remain viable (it would become a pending action in the New York Court of Claims); in another sense, insofar as the federal courts are concerned the federal action would end upon this transfer. The better view here is that the transfer sought here is **dispositive**. Especially here, the transfer plaintiff seeks would end federal court jurisdiction by transferring it to the New York Court of Claims. Insofar as this Court would be concerned, granting plaintiff's transfer motion would be dispositive of the federal claims. Also, in arguing for transfer, plaintiff concedes that the official capacity claims are barred in this Court (see Docket No. 11, Pl. Atty. Affirm. ¶ 5; see also Docket No. 13, Pl. Memo. at second unnumbered page), which would be dispositive of those claims. Also, plaintiff's motion is in response to a pending motion to dismiss, clearly a dispositive matter, see Southwestern Inv., supra, 2016 U.S. Dist. LEXIS 87642, at *22-23.

As a result, this Court enters this Report on the motion for transfer rather than an Order.

D.      Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a), amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a), motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v.

Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

Motion for leave to amend a pleading is not dispositive, e.g., Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp.2d 329, 333 (W.D.N.Y. 2007) (Larimer, J.); Palmer v. Monroe County Sheriff, 378 F. Supp.2d 284, 288-89 (W.D.N.Y. 2005) (Siragusa, J.) (collecting cases). However, given the interrelationship between these motions, this Court will address the motion for leave to amend in this Report rather than a separate Order.

With the superseding effect of an amendment, Anderson v. USAA Cas. Ins. Co., 218 F.R.D. 307, 311 (D.D.C. 2003) (denying motion to dismiss original complaint without prejudice due to amended complaint, citations omitted), by amending a pleading subject to a pending motion to dismiss, that motion to dismiss is rendered moot, see De Jesus Baltierra v. W.Va. Bd. of Med., 253 F. Supp.2d 9, 14 (D.D.C. 2003), aff'd per curiam, 2004 U.S. App. LEXIS 11279 (D.C. Cir. Jun. 7, 2004).

E.      Due Process of Law

The Due Process Clause of the Fourteenth Amendment states that no state can deprive "any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1.  Thus, plaintiff here needs to assert that defendant's defamatory statements implicated plaintiff's property or liberty interest, cf. Paul v. Davis, supra, 424 U.S. at 712.  Alleged injury to

reputation alone is insufficient to implicate the Fourteenth Amendment, e.g., Oliver Schools, Inc. v. Foley, 881 F. Supp. 847, 858 (W.D.N.Y. 1994) (Telesca, J.), aff'd, 52 F.3d 310 (2d Cir. 1995) (summary Order); Paul v. Davis, supra, 424 U.S. 693.

This Court will first address plaintiff's motion (Docket No. 9) to transfer venue to the New York Court of Claims.

II.    Transfer

Transfer under 28 U.S.C. § 1404 is within the federal judiciary; that section is under the District Courts; Venue chapter of the Judicial Code separate from the Removal of Cases chapter. That statute refers to transfer to another district or division within a district; those districts being one of the 94 United States District Court districts, see 28 U.S.C. § 133(a); e.g., Freedman v. Suntrust Banks, Inc., 139 F. Supp.3d 271, 281 (D.D.C. 2015) (transfer from District of the District of Columbia to the Middle District of Florida) (cf. Docket No. 13, Pl. Memo. at second unnumbered page).  The usual motion for transfer is made by the defendant, compelled to defend, who argues that a more just or convenient forum for him exists.

Cases under § 1404 (including those cited by plaintiff, Docket No. 13) hold that a federal court **cannot transfer a federal case to a state court**, Bond v. the Rothlands, LLC, No. 11CV275, 2011 WL 6100617, at *5 (W.D.N.Y. Dec. 7, 2011) (Arcara, J.); Eastern Sav. Bank, supra, 821 F. Supp.2d at 546 & n.1 ("28 U.S.C. § 1404(a), does not vest [this Court] with any authority to transfer this case to the [New York State] Surrogate's Court"; Majek Fire Protection, supra, 20006 WL 1704562, at *1 (Docket No. 13, Pl. Memo. at first unnumbered page); Weaver v. Marine Bank, 683 F.2d 744 (3d Cir. 1982), on remand, Marine Bank v. Weaver, 455 U.S. 551 (1982) (id.); see also Pope v. Atlantic Coast L. R. Co., 345 U.S. 379, 384

15

(1953) (§ 1404 did not speak to state courts and thus did not empower one state court to enjoin plaintiff's Federal Employers' Liability Act claim in another state). The Supreme Court in <u>Pope</u> said that "Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts . . . ," <u>Pope</u>, <u>supra</u>, at 384.

In <u>Bond</u> and a second case heard jointly with it, all plaintiffs had filed Complaints in federal court, 2011 WL 6100617, at *1, 3. There, Judge Arcara first dismissed the federal actions for lack of subject-matter jurisdiction, 2011 WL 6100617, at *3-5. Plaintiffs there alternatively sought to transfer their actions to state court under 28 U.S.C. § 1406, the provision for the Court curing defects in venue. Judge Arcara rejected this because this Court lacked subject matter jurisdiction, 2011 WL 6100617, at *5. He then discussed whether § 1631 and transfers in the interest of justice to cure jurisdictional defects was applicable, quoting <u>McLaughlin v. Arco Polymers, Inc.</u>, 721 F.2d 426, 429 (3d Cir. 1983), and holding that "Section 1631 does not, however, provide for the transfer of this action to a state court. Both the statutory language and the legislative history show that this provision is directed to federal court system."

In <u>Eastern Savings Bank</u>, <u>supra</u>, plaintiff commenced a diversity action in the Eastern District of New York to foreclose on a mortgage. The mortgage borrower later passed away. 821 F. Supp.2d at 545. Defendants, the estate of the deceased borrower, then moved (pursuant to 28 U.S.C. § 1447(c)) to "remand" the action to New York State Surrogate's Court, <u>Eastern Sav. Bank</u>, <u>supra</u>, 821 F. Supp.2d at 545. In denying that motion, the court first held that it lacked the authority to remand an action that was originally commenced in federal court and not removed

16

from state court, id. at 545-46.  The court then noted that, if viewed as a change of venue, the

court still lacked authority to transfer the action to state Surrogate's Court, id. at 546 n.1.  The

transfer statute, § 1404, "'applies only to courts within the federal court system' and 'makes no

provision for transfer between the federal and state court systems,'" id. (quoting Hatheril v.

Michael, No. 92 CIV. 6618 (CES), 1993 WL 385754, at *1 (S.D.N.Y. Sept. 23, 1993) (internal

quotation omitted) (no authority to transfer or remand original federal case to state court)).

The very cases cited by plaintiff reaffirm that federal courts lack the power to transfer

originally commenced federal actions to a state court.  In Majek Fire Protection, that plaintiff

commenced a diversity jurisdiction action in the Eastern District of Pennsylvania; defendant

there also moved to dismiss, then the parties entered into a stipulation to dismiss that action in

favor of commencement of an action in the Philadelphia Court of Common Pleas, 2006 WL

16704562, at *1.  When facing a possible statute of limitations defense in state court, plaintiff

sought to revive the dismissed federal action and either remand or transfer of that action to state

court, id.  After holding that remand was not available in an originally commenced action, the

district court held that "this Court has no authority to effect" a transfer from federal court to state

court, noting that "while transfer to a more appropriate federal court for improper venue or want

of jurisdiction may be available pursuant to federal law, no federal statute empowers a district

court to transfer a civil action originally filed in federal court to a state court," id. (emphasis in

original); see McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428-29 (3d Cir. 1983) (no

authority under 28 U.S.C. §§ 1631 or 1447 to transfer a federal action to state court).  Plaintiff

then relied upon a Pennsylvania statute, 42 Pa. Cons. Stat § 5103, as authority for such a transfer,

but the Eastern District of Pennsylvania court found that while that statute might allow for a

transfer from federal to state court, the power to effect such a transfer rests with the parties and not with federal court, <u>Majek Fire Protection</u>, <u>supra</u>, 2006 WL 1704562, at *1. The court concluded that it had no authority to transfer a federal case to state court "even where the state statute permitting such transfer applies. Rather, the parties are responsible for effecting transfer," <u>id.</u>

In <u>Weaver v. Marine Bank</u>, <u>supra</u>, 683 F.2d 744 (Docket No. 13, Pl. Memo. at first unnumbered page), the Third Circuit also considered that Pennsylvania transfer provision. The majority of that court held that pendent claims after dismissal of federal securities law claims were to be transferred to state court pursuant to 42 Pa. Cons. Stat. § 5103(b). In her dubitante opinion, Judge Sloviter said that she found "highly questionable" remanding the case to have it transferred to state court, questioning the constitutionality of a state statute that dictated to the federal court to transfer a case to the state judiciary, 683 F.2d at 751 (Sloviter, J., dubitante opinion). There, she recognized that "no federal statute authorizes transfer of cases from a federal to a state court," <u>id.</u> She agreed with majority, however, finding that the transfer was "harmless" and that the physical transfer of the case from federal to state court "for which there is no congressional authorization, is not necessary to effectuate" state policy in favor of preserving a litigant's claims if commenced in the wrong judicial system, <u>id.</u> at 752.

Key to those last two cases is that the Pennsylvania statute makes provision for its state courts to accept transfer cases from federal courts. Plaintiff here, however, has not cited a **New York** statute that authorizes a state court to accept a transfer of a federal action much less **congressional** authorization for this Court to transfer an original federal case to New York State courts. There is no provision of New York procedure for receiving an originally commenced

federal action. The closest provision might be N.Y. CPLR 205(a), that gives a plaintiff under state law six months to revive a timely commenced action in state court; but that provision is silent as to cases that were commenced (and dismissed) in federal court. CPLR 205 is a saving provision to allow a plaintiff time to commence a timely but dismissed action despite the expiration of the statute of limitations, see David. D. Siegel, New York Practice § 52, at 73 (5th ed. 2011). It does not allow the state court to commence the "transferred" federal action. Nevertheless, even if there were such a provision of state law for acceptance by the state courts of a federal case on "transfer," there is no provision enacted by Congress authorizing this Court to transfer a federal action to state court.

Plaintiff notes that transfer is authorized under 28 U.S.C. § 1631 to cure any jurisdictional defect (id. at second unnumbered page, citing Andersen v. Sportmart, Inc., 57 F. Supp.2d 651 (N.D. Ind. 1999)). In that case, the defendants sought transfer from the Northern District of Indiana to the District of New Jersey and the court found that it may transfer an action "to any district court where the action could have been brought," Andersen, supra, 57 F. Supp.2d at 664. Other courts, including this one, Bond, supra, 2011 WL 6100617, at *5, have held that this statute does not authorize transfer of an original federal action to a state court, McLaughlin, supra, 721 F.2d 462, at 429; Mendez-Cardenas v. U.S., 88 Fed. Cl. 162, 168 (Fed. Cl. 2009). The United States Court of Federal Claims considered whether it was in the interest of justice to transfer plaintiff's claims from that court under § 1631, with that statute defining "court" as including federal courts, 28 U.S.C. § 610 (defining "courts" for Judiciary Code), Mendez-Cardenas, supra, 88 Fed. Cl. at 168. That definition of "courts" (listing district courts, courts of appeals, various territorial district courts) did not include state courts, 28 U.S.C. § 610. The

Court of Federal Claims then declined to transfer plaintiff's medical malpractice tort claim to another court in the United States, holding that if plaintiff was a state prisoner, his tort claim "must be heard in state court. The court is unable to transfer any case to the state court system, as no state court falls within the definition in § 610," Mendez-Cardenas, supra, 88 Fed. Cl. at 168; see also id. (rejecting transfer on grounds that claim ultimately was meritless).

The absence of this Court's power to transfer a case to state court that started here is a product of the limited nature of judicial power under the United States Constitution. Article III vests "the judicial Power of the United States" in the Supreme Court "and in such inferior Courts as the Congress may from time to time ordain and establish," U.S. Const. Art. III, § 1; see also id. Art. I, § 8, cl. 9 (congressional power to constitute inferior tribunals). The Constitution did not create a unitary, national system of justice; when enacted, there were existing state judiciaries and the Constitution established a distinct federal judiciary. The Judiciary Code contains no provision for inter-system transfer that plaintiff now seeks. By commencing this action, plaintiff had the initial choice of forum (that is, between state and federal courts, and which court within the state or federal judiciary) as well as the venue for the action (that is, geographically where that courthouse sits).

Here, plaintiff exercised its choice of forum by commencing this action in this Court, rather than the New York Court of Claims or other state court. There is no congressional authority for this Court to transfer the action out of the federal judiciary and to a state forum. Plaintiff's motion for transfer (Docket No. 9) should be **denied**.

Even if this Court had the authority from the Constitution or Congress to transfer a case to state court, the state court where plaintiff seeks to go (the New York Court of Claims) cannot

hear claims against this defendant as an individual or an official of the State of New York, <u>Smith</u> <u>v. State</u>, <u>supra</u>, 72 A.D.2d at 938, 422 N.Y.S.2d at 222; N.Y. Ct. Cl. Act § 9(2) (hears claims alleged against the State of New York).

III.    Amend Complaint

    Plaintiff alternatively moves for leave to amend the Complaint to drop the official capacity status for defendant and merely to sue him individually (Docket No. 10).  If leave to amend is granted, defendant's present motion to dismiss the original Amended Complaint becomes moot.  There is no undue delay, bad faith, or dilatoriness in this amendment.  It would be the Second Amended Complaint in this action and it is not a repeated attempt to cure deficiencies.  The only arguments against this amendment would be prejudice to defendant and futility (<u>see</u> Docket No. 14, Def. Memo. at 4-5, arguing that amendment would be futile), both considered below in discussion of defendant's motion to dismiss.

IV.    Motion to Dismiss

    What now is left is defendant's original motion to dismiss the Complaint for failure to state a cause of action (Docket No. 4).  Plaintiff alleges federal jurisdiction under diversity jurisdiction for the defamation claim and federal question jurisdiction for the denial of due process (Docket No. 2, Am. Compl.).  Ordinarily, as stated above, an amendment to a pleading would moot a motion to dismiss the earlier pleading.  Since plaintiff's amendment here merely changes the status under which it sues defendant (from official capacity to individual) and does not change the substantive allegations, this Court (for judicial efficiency) considers below whether that amendment would be futile in considering defendant's motion to dismiss the original pleading.

A.      Diversity Jurisdiction

Pertinent to this motion, under 28 U.S.C. § 1332, plaintiff has to allege a matter in controversy over $75,000 (which plaintiff has done here) between citizens of different states, 28 U.S.C. § 1332(a)(1).  Plaintiff here alleges that it is a New York corporation with its principal place of business in Erie County, New York (Docket No. 2, Am. Compl. ¶ 17) and that defendant does business in New York (id. ¶ 18).  The proposed (in effect Second) Amended Complaint repeats unaltered (save changing defendant's suit status) plaintiff's party allegations that plaintiff is a New York corporation and defendant does business in New York (Docket No. 10, Ex. A, proposed Am. Compl. ¶¶ 17-18).  Defendant, as Attorney General for the State of New York, is a citizen of New York (Docket No. 4, Def. Memo. at 3), see N.Y. Const. Art. IV, § 2 (qualification for Governor includes residency in state for five years prior to election), V, § 1 (same residency standard applies for Attorney General); N.Y. Pub. Off. L. § 3(1) (qualification for holding office includes residency in the state).  Plaintiff fails to establish a diversity of citizenship under the current or proposed Amended Complaint.  In addition, plaintiff conceded in making its motion for leave to amend (as well as its motion to transfer) that defendant is protected by sovereign immunity under the Eleventh Amendment, one ground for defendant's motion to dismiss.  While the proposed amendment avoids this objection, the concession accepts the validity of the immunity defense.  On this basis, defendant's motion to dismiss the defamation claim (Docket No. 4) should be **granted** and plaintiff's motion for leave to amend (Docket No. 10) is **denied** because of futility.  Defendant's other defenses raised in his motion need not be addressed given plaintiff's pleadings.

B.      Federal Question Jurisdiction—Plaintiff's Due Process Claim

Plaintiff's other claim against defendant (in either individual or official capacity) alleges that defendant violated plaintiff's due process rights in issuing the media release regarding the Assurance of Discontinuance (Docket No 2, Am. Compl. ¶¶ 42-53; see Docket No. 10, Pl. Motion for Leave to Amend, Ex. A, 2d (Proposed) Am. Compl. ¶¶ 42-53).  Defendant argues that plaintiff failed to plead the elements of its due process claim (Docket No. 4, Def. Memo. at 11-13; Docket No. 14, Def. Memo. at 6).

Implicit in plaintiff's due process claim is it possessed a property interest in continuing its business and retaining its current suppliers, without being impacted by defamatory public statements.  This Court had to develop this implied argument; plaintiff failed to do that itself here.  Similarly, plaintiff could have some sort of liberty interest (presumably not to be defamed) but the Supreme Court in Paul v. Davis rejected a liberty interest in one's reputation, 424 U.S. at 712.  The Supreme Court there found that the state tort of defamation afforded a remedy rather than recognize a liberty interest under the Constitution, id.; see also Siegert, supra, 500 U.S. at 234.  As defendant observes, plaintiff fails to allege the process due it from defendant in publishing the alleged defamatory statements (Docket No. 4, Def. Memo. at 11).  Since the pleading obligation is on plaintiff, defendant's motion to dismiss for failure to state a claim could be granted on this basis alone.  Mere defamation fails to state a claim for deprivation of due process, Siegert, supra, 500 U.S. at 234; Paul v. Davis, supra, 424 U.S. at 712.  The proposed amendment does not address this deficiency; again, it merely changes defendant's status without adjusting the allegation against him.

Defendant's motion to dismiss (Docket No. 4) should be **granted** as to plaintiff's due process claim and leave to amend the Complaint (Docket No. 10) is **denied** again on futility grounds; the latter motion does not address the pleading deficiencies noted by defendant.

      C.     Results

In summary, defendant's motion to dismiss this case should be granted, plaintiff's motions for leave to amend the Complaint or transfer the case out of the federal judiciary denied. As a result, barring the statute of limitations (<u>cf.</u> Docket No. 4, Def. Memo. at 9-10) or other affirmative defense, plaintiff's possible remedy in pursuing its defamation claims elsewhere would be commencing anew an action in the appropriate New York State court.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion to transfer this federal action to the New York Court of Claims (Docket No. 9) be **denied**; plaintiff's alternative motion for leave to amend the Complaint (Docket No. 10) is **denied**; and defendant's motion to dismiss (Docket No. 4) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material, which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 5, 2017