UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO BIODIESEL, INC.,

       Plaintiff,                        17-CV-154
                                             ORDER

    v.

ERIC T. SCHNEIDERMAN in his
official capacity as the Attorney General
for the State of New York,

       Defendant.
_____

       On February 18, 2017, the plaintiff, Buffalo Biodiesel, Inc., commenced this action, and on May 15, 2017, the plaintiff filed an amended complaint. Docket Items 1 and 2. On June 5, 2017, the defendant, Eric T. Schneiderman in his official capacity as the Attorney General for the State of New York, moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. Docket Item 4. On August 7, 2017, Buffalo Biodiesel filed its opposition to the motion to dismiss, Docket Item 11, and brought two motions of its own: (1) for leave to file a second amended complaint, Docket Item 10, and (2) to change venue from this Court to the New York Court of Claims, Docket Item 9. On August 16, 2017, Schneiderman responded to Buffalo Biodiesel's motions and replied to the plaintiff's response to his motion. Docket Item 14. Buffalo Biodiesel did not reply to Schneiderman's response to its motions.

       On June 12, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings pursuant to 28 U.S.C. Sections 636(b)(1)(A) and (B). Docket Item 5. And on September 5, 2017, Judge Scott issued a Report and Recommendation finding that the defendant's motion to dismiss should be granted and

that the plaintiff's motions should be denied.  Docket Item 15.  The parties did not object to the Report and Recommendation, and the time to do so now has expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. Section 636 nor Federal Rule of Civil Procedure 72 require a district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation as well as the parties' submissions to him.  Based on that review and the absence of objections, the Court accepts and adopts Judge Scott's recommendation to deny the plaintiff's motions and grant the defendant's motion to dismiss.

It seems almost too obvious to say, but 28 U.S.C. Section 1332 (Diversity of Citizenship) does not give the federal courts jurisdiction over a suit for defamation brought by a plaintiff corporation that is "incorporated in the state of New York" with "its principal place of business in Erie County [New York]" against a New York defendant—here, the Attorney General of the State of New York.  The suggestion otherwise in both the amended complaint and the proposed second amended complaint evidences a fundamental misunderstanding of this Court's limited jurisdiction.  And slapping the words "due process" on the defamation claims in the proposed second amended

complaint does not change anything. This Court simply does not have the power to address the plaintiff's claims. Moreover, without subject matter jurisdiction, this Court also does not have the power to transfer "venue," as the plaintiff requests, to the New York Court of Claims.

For the reasons stated above and in the Report and Recommendation, the plaintiff's motions to change venue (Docket Item 9) and for leave to file a second amended complaint (Docket Item 10) are DENIED; the defendant's motion to dismiss for lack of subject matter jurisdiction (Docket Item 4) is GRANTED; the amended complaint (Docket Item 2) is dismissed; and the Clerk of the Court is instructed to close the file.

SO ORDERED.

Dated: September 27, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE